**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PLAINTIFF(S)** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DEFENDANT(S)** | **:** | **NO. (##-####)** |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on _____________ ____, 20__, and submit to Chambers the following report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses, and Relevant Issues**

The Court takes seriously Rule 26(f)(2)'s mandate that the parties confer and discuss these issues, and the parties should refer to the Rule in addition to this template. Counsel should assume that the Court has read the Complaint and is familiar with its claims. The facts supporting those claims and any defenses are unknown to the Court. Therefore, counsel shall set forth *concisely* the factual background that the parties contend support their claims and defenses.

Counsel should summarize what they believe to be the primary issues, threshold issues, and the issues on which they will need to conduct discovery. Identify what information each party needs in discovery, as well as when and why. Also indicate likely motions and their timing.

**2. Initial and Informal Disclosures**

Rule 26(a)(1) lays out the requirements for initial disclosures. State counsels' agreement on timing, form and scope of initial disclosures by specifically identifying not only the information listed in Rule 26(a)(1), but also any additional information the parties agree to disclose informally. Self-executing discovery must not be delayed until the Rule 16 Conference.

**3. Formal Discovery**

Indicate the nature, sequence, and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally and the parties' plan for timely completing that discovery. Counsel should have discussed whether there is a *need* to exceed the standard number of interrogatory or depositions provided for in the Federal Rules of Civil Procedure and, if so, they should stipulate to that change. Present proposed discovery deadlines.

**4. Electronic Discovery**

It is expected that the parties will reach an agreement on how to conduct electronic discovery. In the event the parties cannot reach such an agreement before the Rule 16 Conference, and the parties anticipate that electronic discovery may be had, the Court will impose its standard order sent to the parties along with the Notice of Preliminary Pretrial Conference.

**5. Expert Witness Disclosures**

Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses. State whether expert reports will be exchanged simultaneously or whether the exchange will be staggered. Provide a date for completion of expert discovery and for any potential *Daubert* motions.

**6. Early Settlement or Resolution**

Counsel should discuss "the possibilities for promptly settling or resolving the case." Fed. R. Civ. P. 26(f)(2). They should also familiarize themselves with Local Rule 53.3 before responding. Recite the parties' discussions about early resolution through ADR, arbitration, or motion or otherwise. Explain what steps were taken by counsel to advise the client of alternative

dispute resolution options. Explain any decision not to seek early resolution, what mediation options the parties may consider, and when mediation would be appropriate.

**7. Trial Date**

Counsel should provide a date at which they expect to be ready for trial. If a date certain is requested, state the reasons. Generally, if requested, a firm trial date will be scheduled.

**8. Other**

Indicate any discussion or agreement between the parties at the Rule 26(f) Conference on matters not addressed above.

**Date: ________________**

**Respectfully Submitted:**

**/s/**________________________
**Counsel for Plaintiff(s)**

**/s/**________________________
**Counsel for Defendant(s)**