**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALPHA CARD SERVICES LLC d/b/a SIMPAY, a Pennsylvania limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY TOOMBS, and individual, and PAYCOMPASS LLC, an Arizona limited liability company,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 2:25-cv-04907-WB<br>Hon. Wendy Beetlestone |

**DEFENDANT PAYCOMPASS LLC'S**
**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS IV, V, VI AND VII**
**OF PLAINTIFF'S AMENDED COMPLAINT**

# TABLE OF CONTENTS


**INTRODUCTION** .......... 1

**LEGAL STANDARD** .......... 4

**ARGUMENT** .......... 5

**Plaintiff fails to state a claim as to Counts IV and V against PayCompass because it does not identify any trade secret with sufficient particularity, nor does it state a plausible claim for relief for misappropriation or otherwise.** .......... 5

**Plaintiff fails to sufficiently identify their alleged trade secrets.** .......... 6

**The allegations that remain after Plaintiff's conclusory statements have been disregarded, fail to plausibly allege trade secret misappropriation.** .......... 9

**Plaintiff fails to state a claim as to Count VI, because Plaintiff cannot recast its breach of contract claims as claims for breach of fiduciary duties and aiding and abetting breach of fiduciary duties.** .......... 11

**Plaintiff fails to state a claim as to Count VII, because Plaintiff has not plausibly alleged an underlying breach of contract or intentional interference by PayCompass.** .......... 15

**CONCLUSION** .......... 17

## TABLE OF AUTHORITIES

**Cases**

*Alpart v. Gen. Land Partners, Inc.*, 574 F. Supp. 2d 491 (E.D. Pa. 2008) .................................. 20

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................. 3, 8, 9, 11

*ATG Trust Co. v. Schlichtmann*, 314 F. Supp. 3d 718, 725 (E.D. Pa. 2018) ............................... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ............................................................. 11

*Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 896 (Pa. Super. Ct. 2011) .................................. 11

*Brown & Brown, Inc. v. Cola*, 745 F.Supp.2d 588, 620 (E.D. Pa. 2010) ........................ 19, 20, 21

*Bruno v. Erie Ins. Co.,* 106 A.3d 48 (Pa. Super. Ct. 2014) .......................................................... 19

*CentiMark Corp. v. Jacobsen*, 2011 WL 5977668 (W.D. Pa. Nov. 29, 2011) ............................ 10

*Certainteed Ceilings Corp. v. Aiken*, 2015 WL 410029 (E.D. Pa. Jan. 29, 2015) ................. 19, 20

*Colorcon, Inc. v. Lewis*, 792 F. Supp. 2d 786, 804 (E.D. Pa. 2011) ..................................... 10, 13

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) ...................................................... 8

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209 (3d Cir. 2013) .................................................. 4

*DePuy Synthes Sales, Inc. v. Globus Med., Inc.*, 259 F.Supp.3d 225 (E.D. Pa. 2017) .......... 19, 20

*Diodato v. Wells Fargo Ins. Servs., USA, Inc.,*
44 F. Supp. 3d 541 (M.D. Pa. 2014) ..................................................................... 13, 14, 16, 17

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) .......................................................... 4

*Franklin Interiors, Inc. v. Wesolosky*, 2020 WL 8264115 (W.D. Pa. Oct. 21, 2020) ................... 5

*Hayes v. Altman*, 225 A.2d 670 (Pa. 1967) ................................................................................. 17

*Heraeus Med. GmbH v. Esschem, Inc.*, 927 F.3d 727 (3d Cir. 2019) ........................................... 5

*Heritage Fence Co. v. Malin*, 2024 WL 5047468 (E.D. Pa. Dec. 9, 2024) ............................... 7, 8

*Hess v. Gebhard & Co. Inc.*, 808 A.2d 912 (Pa. 2002) ........................................................ 12, 13

*James v. City of Wilkes-Barre*, 700 F.3d 675 (3d Cir. 2012) ........................................................ 4

*Jazz Pharms., Inc. v. Synchrony Grp., LLC*, 343 F. Supp. 3d 434 (E.D. Pa. 2018) ................ 5, 20

*John G. Bryant Co. v. Sling Testing & Repair, Inc.*, 369 A.2d 1164 (Pa. 1977) ......................... 18

*Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364 (3d Cir. 2021) .................................................... 5, 6, 7

*Morgan's Home Equip. Corp. v. Martucci*, 136 A.2d 838 (Pa. 1957) ......................................... 12

*Oakwood Labs LLC v. Thanoo*, 999 F.3d 892 (3d Cir. 2021) ............................................. passim

*Oberg Indus., Inc. v. Finney*, 555 A.2d 1324 (Pa. Super. Ct. 1989) ........................................... 10

*Pittsburgh Logistics Sys., Inc. v. Beemac Trucking, LLC*, 249 A.3d 918 (Pa. 2021) ....... 14, 16, 17

*Reardon v. Allegheny College,* 926 A.2d 477 (Pa Super 2007) .................................................. 19

*Robert Clifton Assocs., Inc. v. O'Connor*, 487 A.2d 947 (Pa. Super. 1985) .......... 18

*Sidco Paper Co. v. Aaron*, 351 A.2d 250 (Pa. 1976) .......... 12, 13, 16, 17

*United Products Corp. v. Transtech Manufacturing, Inc.*, 2000 WL 33711051 (C.P. Phila. Nov. 9, 2000) .......... 18

*Ware v. Rodale Press, Inc.*, 322 F.3d 218 (3d Cir. 2003) .......... 11

*Wellspan Health v. Bayliss*, 869 A.2d 990 (Pa. Super. Ct. 2005) .......... 13

*Westec Sec. Servs., Inc. v. Westinghouse Elec. Corp.,* 538 F. Supp. 108 (E.D. Pa. 1982) .......... 16

*Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476 (E.D. Pa. 2016) .......... 11

**Statutes**

federal Defend Trade Secrets Act .......... 2, 4, 22

Pennsylvania Uniform Trade Secrets Act .......... 2, 4, 5, 22

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .......... 1, 3, 8, 9

Defendant PayCompass, LLC ("PayCompass") respectfully submits this Brief in Support of Motion to Dismiss Counts IV, V, VI, and VII of Plaintiff Alpha Card Services LLC d/b/a Simpay's ("Simpay") Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Simpay's Amended Complaint asserts some additional factual allegations but still fails to plead any viable claims against PayCompass. Simpay has filed this action against its former employee, Timothy Toombs ("Toombs") and his new employer, PayCompass. Simpay alleges that Toombs violated his employment contract and fiduciary obligations and further contends that he breached both federal and Pennsylvania trade secret laws by sharing Simpay's confidential information with his new employer, PayCompass. Simpay alleges that Toombs resigned on January 17, 2025 and that they subsequently, on January 31, 2025 sent him a "termination letter formally terminating Toom's employment". It appears from the allegations of the complaint that Toombs was requested to and was therefore allowed to continue working for Simpay following his resignation on January 17, 2025 and was permitted access to the company's computer network and allegedly confidential information.

Plaintiff has directly asserted claims against PayCompass for misappropriation of trade secrets, aiding and abetting Toombs' breach of fiduciary duty, and tortious interference with contract. Plaintiff's Amended Complaint backhandedly tries to bring employment type claims against PayCompass—which was certainly not an employee or bound by any employment or other contract with Simpay— by vaguely alleging conspiratorial conduct and efforts by PayCompass to recruit Simpay employees. The Amended Complaint fails to assert any viable claim against PayCompass because, like the first-filed Complaint, it is replete with conclusory allegations and

fails to specify with requisite particularity any alleged trade secrets. Defendant PayCompass and Plaintiff Simpay conduct business in the payment processing industry where they offer solutions for different clients/merchants, such as retail, contractors, and digital goods in providing mobile credit card processing and secure payment gateways. Simpay claims that it operates within the payment processing sector as either a Full-Service Provider ("FSP") or an Independent Sales Organization ("ISO"). Simpay further alleges that PayCompass also functions as an ISO. (*See* ECF No. 27 at ¶ 32).

Defendant Toombs was employed with Simpay for a period of approximately ten (10) months when he gave Simpay his resignation and pursued employment with PayCompass. Simpay then brought this litigation ***eight months after*** Toombs' resignation, complaining of irreparable harm (despite the lengthy time it took to bring suit) and alleging PayCompass's purported misappropriation of Simpay's trade secrets and claims arising out of Toombs' alleged breach of his Employment Agreement with Simpay. Generally, claims of trade secret misappropriation along with a claim for injunctive relief are brought rather hurriedly following the departure of the employee. The fact that the Plaintiff waited 8 months to file and did not seek immediate injunctive relief certainly suggests that the alleged confidential information with which Toombs allegedly left Simpay, was not commercially valuable either in the eyes of Simpay or in the competitive marketplace. Trade secrets must be commercially valuable to qualify as trade secrets.

Simpay's trade secret claims fail to identify any specific trade secrets with the requisite particularity, and the Amended Complaint does not plausibly allege their misappropriation under either the Pennsylvania Uniform Trade Secrets Act or the federal Defend Trade Secrets Act. The Amended Complaint does not even state the usual type of methodology that is generally alleged against a trade secret misappropriator that he downloaded this folder, or sent this file to his Google

drive or to a personal email account or in this case that he sent the information to Defendant. There are no specific allegations in that regard. There is no allegation of method of the alleged theft, but simply references to "access" of the company's network by Toombs while he was still employed by Simpay and he apparently made that access with permission of Simpay. Allegations of actual misappropriation (or improper means per the DTSA) are missing, and there is no claim that Toombs accessed Simpay's so-called confidential or trade secret information without authority during, or indeed after, his employment. All such alleged access was alleged to have occurred while he was still employed by Simpay and was permitted access to company information. Simpay's counts for aiding and abetting Toombs' breach of fiduciary duty, and tortious interference fare no better. Simpay's aiding and abetting Toombs' breach of fiduciary duties fails under Pennsylvania's gist of the action doctrine, which prohibits Simpay from recasting its breach of contract claims as claims for breach of fiduciary duties. Simpay's tortious interference with contract claim only asserts conclusory allegations against PayCompass, with no facts alleging actual conduct by PayCompass. Such bald allegations are not sufficient to survive a motion to dismiss. Because Simpay's allegations against Paycompass amount to nothing more than speculation about ordinary competition within the payment processing industry, the counts in the Amended Complaint against PayCompass should be dismissed in their entirety, with prejudice.

Simpay's Amended Complaint alleges the following claims against PayCompass (1) trade secret misappropriation (Counts IV and V); aiding and abetting breach of fiduciary duty (Count VI); and tortious interference (Count VII). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, all four counts against PayCompass should be dismissed for at least the following reasons:

- Counts IV and V fail to state a claim because Plaintiff has failed to plead the existence

of its alleged trade secrets with the requisite particularity, as well as because, once Plaintiff's conclusory allegations are disregarded, the remaining allegations fail to state a plausible claim for relief.

- Plaintiff fails to distinguish the alleged trade secret information from the matters known with the credit card industry and/or from the information referenced in the confidentiality provisions of the employment contract and thus it does not articulate a sufficient factual basis for *trade secret* claims as distinct from breach of contract claims.
- Plaintiff fails to allege "misappropriation" by Toombs (neither improper means nor methods) with specificity and merely alleges "accessing" of information by Toombs, who was still employed by Simpay over the period of alleged access to this workplace computer network – which access was apparently granted by his employer Simpay as he was a higher-level management employee.
- Count VI fails to state a claim because Plaintiff cannot recast its breach of contract claims as claims for breach of fiduciary duties and aiding and abetting breach of fiduciary duties.
- Count VII fails to state a claim because Plaintiff has not plausibly alleged an underlying breach of contract or intentional interference by PayCompass.

Accordingly, the Court should dismiss all four counts asserted against PayCompass in the Amended Complaint.

## LEGAL STANDARD

Under Rule 12(b)(6), a complaint must be dismissed if it fails to allege sufficient facts that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The "plausibility standard" requires that there be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Third Circuit has outlined three steps for analyzing the legal sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013). In deciding a motion to dismiss, the Court "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Put another way, the Court shall "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Oakwood Labs LLC v. Thanoo*, 999 F.3d 892 (3d Cir. 2021) (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

## ARGUMENT

**Plaintiff fails to state a claim as to Counts IV and V against PayCompass because it does not identify any trade secret with sufficient particularity, nor does it state a plausible claim for relief for misappropriation or otherwise.**

Counts IV and V set forth claims against PayCompass for misappropriation of trade secrets under, respectively, the Pennsylvania Uniform Trade Secrets Act ("PUTSA") (Count IV) and the federal Defend Trade Secrets Act ("DTSA") (Count V). Both claims share substantively the same elements, and both fail for the same reason: namely, that Plaintiff has failed to adequately identify its alleged trade secret(s). As pled, the Amended Complaint does not distinguish Plaintiff's alleged trade secrets from matters known within the trade or from the broad range of other "Confidential Information" allegedly covered by Toombs' Employment Agreement, and thus it does not articulate a sufficient factual basis for *trade secret* claims, as distinct from breach of contract

claims. *See*, *e.g.*, *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 382 n.21 (3d Cir. 2021) ("Information can be contractually protected from use or disclosure and not be a trade secret") (*compare* ECF No. 27 at ¶ 18 (alleging that "[p]ursuant to Section 2.04 on page 4 of the Employment Agreement, under the heading "Confidential Information," Toombs acknowledged and agreed that he would not disclose any of Simpay's Confidential Information to any third party without the prior written consent of Simpay.") Moreover, even if Plaintiff had adequately identified its trade secrets, on the facts alleged in the Amended Complaint, Plaintiff fails to plausibly allege misappropriation (improper means) or theft.

**Plaintiff fails to sufficiently identify its alleged trade secrets.**

The Third Circuit has held that the DTSA and PUTSA are substantially similar, as both are closely related to the Uniform Trade Secrets Act ("UTSA"). *Heraeus Med. GmbH v. Esschem, Inc.*, 927 F.3d 727, 736 (3d Cir. 2019) ("The Pennsylvania General Assembly based the PUTSA on the provisions of the [UTSA]" except for a statute of limitations issue not pertinent here); *see also Franklin Interiors, Inc. v. Wesolosky*, 2020 WL 8264115 at *4 (W.D. Pa. Oct. 21, 2020) (both DTSA and PUTSA "protect the same type of information" and are subject to the same "threshold inquiry" as to whether the allegedly misappropriated information "is subject to trade secret protection") (citations omitted). The following analysis thus applies to Counts IV and V of Plaintiff's Amended Complaint.

To state a claim for trade secret misappropriation, Plaintiff must prove:

> (1) the existence of a trade secret, defined generally as information with independent economic value that the owner has taken reasonable measures to keep secret…; (2) that 'is related to a product or service used in, or intended for use in, interstate or foreign commerce'…; and (3) the misappropriation of that trade secret, defined broadly as the knowing improper acquisition, or use or disclosure of the secret[.]

*Oakwood Labs LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021) (citing the DTSA); *see also Jazz*

*Pharma., Inc. v. Synchrony Grp., LLC*, 343 F.Supp.3d 434, 445 (E.D. Pa. 2018) (analyzing PUTSA and DTSA together).

Each "of those elements is predicated on an **adequate identification of what the plaintiff contends to be its trade secret**." *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 380-81 (3d Cir. 2021) (emphasis added) (citing *Oakwood*, 999 F.3d at 905 ("To plead the existence of a trade secret..., [a plaintiff] must sufficiently identify the information it claims as a trade secret")). In *Mallet*, which involved both DTSA and PUTSA claims, the Third Circuit vacated the district court's preliminary injunction and explained that "broad categories of… information" do not suffice; rather, specific details must be pled. *Mallet*, 16 F.4th at 381-82 ("Absent… are any specifics of what those 'highly sensitive details' are"). The court explained what constitutes the bare minimum for a trade secret claim:

> At a minimum, 'the subject matter of the trade secret must be described with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'… That is especially the case where, as here, the record suggests that those boundaries may not be particularly clear.

*Mallet*, 16 F.4th at 382 (citing *Oakwood*, 999 F.3d at 906).

Here, Plaintiff only alleges "broad categories," such as "Confidential Information and trade secrets, including but not limited to its merchant client lists, prospective merchant client lists, pricing strategies, sales processes, referral partner information, information about Simpay's top-performing employees, and internal business strategies, which are valuable and critically important to Simpay's business operations and competitive success." (ECF No. 27 at ¶ 120). This allegation underpins both trade secret counts. (*See* ECF No. 27 at ¶ 120 (Count IV); *id.* at ¶ 137 (Count V)). Plaintiff, however, does not attempt to identify with any particularity or point to which specific merchant client lists, prospective merchant client lists, pricing strategies, sales processes, referral

partner information, information about Simpay's top-performing employees, and internal business strategies contained any alleged trade secrets. (ECF No. 27 at ¶ 120; 137) *See*, *e.g.*, *Oakwood*, 999 F.3d at 907 (trade secrets adequately identified where the plaintiff pointed to a particular document it had disclosed under an NDA and to specific contents of that document, and attached other documents to the complaint identifying the allegedly misappropriated trade secrets). However, Plaintiff here alleges only "broad categories without identifying particular documents. Such allegations do not suffice. *Mallet*, 16 F.4th at 381.

Nowhere does Plaintiff describe its purported trade secrets "with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade." *Mallet*, 16 F.4th at 382. Nowhere does Simpay say what Toombs actually took; how he took it; or why it waited 8 months to file suit and did not seek a preliminary injunction. The latter failure by Plaintiff speaks directly and negatively to their claim that the confidential information was "valuable," which it must be to qualify as a trade secret.

In *Heritage Fence Co. v. Malin*, No. CV 24-2650, 2024 WL 5047468 (E.D. Pa. Dec. 9, 2024), the court found that plaintiff's trade secret allegations failed to meet the *Oakwood* standard where plaintiff merely described its trade secrets with a list of general business terms, such as "customer agreements; customer service information; intellectual property; names of customer contacts and the identities of their decision-makers; internal personnel and financial information; information about customers that is not generally known to the public; information about the profitability of particular customers; vendor agreements; names of vendor contacts; information about vendors that is not generally known to the public; labor rates; estimating matrices; development plans; proposal templates; and marketing techniques." *Id*. at *2–5. The *Heritage Fence Co.* court reasoned that it was not readily apparent why that information was non-public as

some categories could be publicly available on a website and names of vendor contacts could be well known in the industry. *Id*. In determining that plaintiff failed to allege their trade secrets with specificity, the *Heritage Fence Co.* court reasoned that the court and defendants were not put on notice as to what constituted plaintiff's trade secrets or even what domain of the business some of the alleged trade secrets pertained to. *Id*.

As in *Heritage Fence Co.*, Plaintiff here failed to allege its trade secrets with specificity under the *Oakwood* standard because it has simply described its trade secrets with a list of general business terms. Accordingly, Plaintiff's claimed trade secrets are nothing more than generic categories; such allegations fail for lack of sufficient particularity. Because that dispenses with all of Plaintiff's trade secret claims, the Court should grant the Motion and dismiss Counts IV and V.

**The allegations that remain after Plaintiff's conclusory statements have been disregarded, fail to plausibly allege trade secret misappropriation.**

In evaluating a Rule 12(b)(6) motion to dismiss, courts "disregard… conclusory statements." *Oakwood Labs LLC v. Thanoo*, 999 F.3d 892 (3d Cir. 2021); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (courts are to "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The allegations that remain after conclusory ones are disregarded, cannot survive dismissal unless "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Here, Plaintiff has alleged that, "as part of a scheme orchestrated by Toombs and PayCompass to misappropriate Simpay's employees, agents, merchant clients, and prospective merchant clients, Toombs and PayCompass agreed that Toombs would remain at Simpay for only a limited period, approximately eleven months, so that he could gain access to Simpay's internal talent and proprietary trade secrets, which they would later exploit for their own benefit." (ECF

No. 27 at ¶ 56). However, Plaintiff's statements regarding Toombs and PayCompass's misappropriation are entirely conclusory and there is no suggestion of any factual support for these claims. The claims against Paycompass are pure speculation. Further, all of the alleged acts of Toombs which constitute "access" needed for misappropriation, were done during his employment and apparently during a time when he was not denied access to the company's allegedly confidential records – especially after he resigned and was permitted to continue working for a couple of weeks based on an alleged post-resignation "termination" by Simpay. Plaintiff has alleged upon information and belief – the following:

- That Toombs and PayCompass "solicited additional Simpay employees during his employment with the intent to induce them to terminate their employment with Simpay and join PayCompass." (ECF No. 27 at ¶ 54); and
- That "Toombs and PayCompass successfully diverted prospective merchant clients who were listed on Simpay's merchant client list and prospective merchant client list to contract with PayCompass for payment processing services." (*id.* at ¶ 69);

Plaintiff does not provide any factual support for these allegations; they are purely conclusory. Plaintiff does not identify a single employee or merchant client that was diverted from Simpay to PayCompass. Plaintiff also does not allege that, since bringing Toombs on board, PayCompass has gained or retained customers—or grown in a manner that would have been impossible without using Simpay's purported trade secrets or confidential information. Once Plaintiff's conclusory allegations are disregarded, as they must be in a Rule 12(b)(6) analysis, what remains in the Amended Complaint fails to "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679, either because it is simply implausible or because it is vague and undefined.

Plaintiff appears to have allowed Toombs to have access to what they contend were trade

secrets following his resignation and Plaintiff has not alleged that Toombs had continued access to Simpay's alleged trade secrets following his alleged termination from Simpay (two weeks later). Plaintiff has also not alleged (at least with specificity) that Toombs downloaded, printed, or otherwise sifted away other information from Simpay's systems. Plaintiff has furthermore not alleged that Toombs committed Simpay's alleged trade secrets to memory before leaving his employment with Simpay. *CentiMark Corp. v. Jacobsen*, No. CIV.A. 11-1137, 2011 WL 5977668, at *14 (W.D. Pa. Nov. 29, 2011) ("[W]e conclude, as did the court in *Oberg*, that these reports, to the extent they contained confidential information, 'were so voluminous that they could not have been committed to memory.'" (quoting *Oberg Indus., Inc. v. Finney*, 555 A.2d 1324, 1327 (Pa. Super. Ct. 1989))). The absence of any allegations that Toombs took Simpay's alleged secret information with him or conveyed it to Paycompass (beyond mere speculation) further demonstrates Toombs did not intend to misuse Simpay's alleged trade secrets. *See Colorcon, Inc. v. Lewis*, 792 F. Supp. 2d 786, 804 (E.D. Pa. 2011).

Because both of Plaintiff's counts for trade secret misappropriation contain nothing more than an unadorned, the-defendant-unlawfully-harmed-me accusation, conclusory statements, and a simple recitation of the elements, this Court should dismiss Counts IV and V for the additional reason that they fail to state a plausible claim for relief.

**Plaintiff fails to state a claim as to Count VI, because Plaintiff cannot recast its breach of contract claims as claims for breach of fiduciary duties and aiding and abetting breach of fiduciary duties.**

In Count II of its Amended Complaint, Simpay alleges that Toombs breached fiduciary duties owed to Simpay. In Count VI, Simpay alleges that PayCompass aided and abetted Toombs' breach of fiduciary duties he allegedly owed to Simpay. However, these claims are simply Simpay's claims for breach of contract recast as claims for breach of fiduciary duties. Because the only duties Toombs allegedly breached arise from his Employment Agreement with Simpay,

Simpay's tort-based theory of aiding and abetting against PayCompass fails as a matter of law under Pennsylvania's gist of the action doctrine.

As an initial matter, an aiding-and-abetting claim is **entirely derivative** of the underlying tort. Where the primary tort claim is barred, the aiding-and-abetting claim necessarily fails as well. Here, the Employment Agreement expressly required Toombs to adhere to duties of loyalty and faithful service, including to "faithfully serve and further the interests of [Simpay] in every lawful way, giving honest, diligent, loyal and cooperative service to" Simpay. *See* Am. Compl., Ex. A at p. 3. Thus, as set forth more fully below, Simpay's breach of fiduciary duty claim against Toombs is barred by the gist of the action doctrine, and Simpay's attempt to impose derivative tort liability on PayCompass fares no better.

Under the gist of the action doctrine in Pennsylvania, tort claims are barred where they: (1) arise solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where liability stems from the contract; and (4) when the tort claim essentially duplicates a breach of contract claim or where the success of the tort claim is dependent on the success of a breach of contract claim. *Reardon v. Allegheny College,* 926 A.2d 477, 486 (Pa Super 2007). Therefore, a breach of fiduciary duty claim is barred by the doctrine if it is grounded in contractual obligations. *eToll Inc., v. Elias/Savion Advert Inc.,* 811 A.2d 10, 19 (Pa Super 2002).

The gist of the action doctrine bars breach of fiduciary duty claims if the duty alleged originates in the obligations of a contract. *Brown & Brown, Inc. v. Cola*, 745 F.Supp.2d 588, 620 (E.D. Pa. 2010). "[B]reach of fiduciary duty claims are barred by the gist of the action doctrine if there are 'no allegations of breach of fiduciary duty or duty of loyalty that transcend or exist outside the parties' contractual agreements.'" *DePuy Synthes Sales, Inc. v. Globus Med., Inc.*, 259

F.Supp.3d 225, 235 (E.D. Pa. 2017) (quoting *Certainteed Ceilings Corp. v. Aiken*, Civ. A. No. 14-3925, 2015 WL 410029, at *8 (E.D. Pa. Jan. 29, 2015)).

Pursuant to Pennsylvania law, the important difference between contract and tort actions is that the "latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consent." *Bruno v. Erie Ins. Co.,* 106 A.3d 48, 68 (Pa. Super. 2014). District courts in Pennsylvania routinely dismiss breach of fiduciary duty claims founded on the breach of a contract. *See Alpart v. Gen. Land Partners, Inc.*, 574 F. Supp. 2d 491 (E.D. Pa. 2008); *Certainteed Ceilings Corp. v. Aiken*, No. CIV.A. 14-3925, 2015 WL 410029 (E.D. Pa. Jan. 29, 2015); *Brown & Brown, Inc. v. Cola*, 745 F.Supp.2d 588 (E.D. Pa. 2010); *DePuy Synthes Sales, Inc. v. Globus Med., Inc.*, 259 F.Supp.3d 225 (E.D. Pa. 2017); *Jazz Pharms., Inc. v. Synchrony Grp., LLC*, 343 F. Supp. 3d 434 (E.D. Pa. 2018).

In *Brown & Brown, Inc. v. Cola*, the plaintiff alleged that the defendant employees breached their fiduciary duties by planning and organizing a competing business and by soliciting the company's customers "in violation of their contractual restrictions" and in "breach[ of] their [e]mployment [a]greements." 745 F. Supp. 2d at 620–21. The court found that the complaint's allegations made clear that the employees' duties arose from their employment agreements. *Id.* at 621. Because the alleged breaches were inextricably intertwined with the employees' contractual obligations, the court held that the breach of fiduciary duty claims were barred under Pennsylvania's gist of the action doctrine. *Id.*

Here, despite Plaintiff's attempt at clever pleading around the Employment Agreement in its Amended Complaint, the acts that form the basis for Plaintiff's breach of fiduciary duty claim against Toombs (Count II) and its aiding and abetting breach of fiduciary duties against PayCompass (Count VI) are unequivocally the acts contained within Plaintiff's breach of contract

claim against Toombs (Count I).

Simpay alleges that Toombs owed duties of loyalty, care, and good faith, and that PayCompass aided and abetted breaches of those duties. See ECF No. 27 at ¶¶ 101–07. But each of the duties Simpay identifies is expressly contemplated, and comprehensively defined, by the Employment Agreement. See Am. Compl., Ex. A at pp. 3–4, 6.

Simpay alleges that Toombs was required to avoid self-dealing, disclose conflicts, refrain from competing, soliciting Simpay's employees or agents, or using Simpay's confidential information "independent[] of the Employment Agreement." See ECF No. 27 at ¶ 102. Yet each of these obligations is grounded squarely in the contractual restrictions imposed by the Employment Agreement. See Am. Compl., Ex. A at pp. 3–4, 6. Where the alleged fiduciary duties are "intertwined" with contractual obligations, the claim sounds in contract, not tort. *Hirtle Callaghan Holdings, Inc. v. Thompson*, No. 18-2322, 2022 WL 2048656, at *3 (E.D. Pa. June 7, 2022).

As in *Brown & Brown,* Plaintiff has identified no breaches of fiduciary duty that "transcend or exist outside of" Toombs' Employment Agreement. Plaintiff's Complaint fails to identify any obligation not contemplated by Toombs' Employment Agreement. Because Simpay has failed to allege the existence of any fiduciary duty owed by Toombs that transcends or exists outside the Employment Agreement, its breach of fiduciary duty claim is barred by the gist of the action doctrine. *See DePuy Synthes Sales, Inc. v. Globus Med., Inc.,* 259 F. Supp. 3d 225, 235 (E.D. Pa. 2017). And because the aiding-and-abetting claim against PayCompass is premised entirely on that barred fiduciary duty claim, it too must be dismissed.

For these reasons, Count VI of the Amended Complaint should be dismissed with prejudice.

**Plaintiff fails to state a claim as to Count VII, because Plaintiff has not plausibly alleged an underlying breach of contract or intentional interference by PayCompass.**

To state a claim for tortious interference with contract under Pennsylvania law, a plaintiff must plausibly allege: (1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct. *Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.,* 982 A.2d 94, 98 (Pa. Super. 2009), *aff'd,* 20 A.3d 468 (Pa. 2011).

Here, Simpay's tortious interference claim against PayCompass is expressly predicated on the alleged breach of Toombs' Employment Agreement. *See* ECF No. 27 at ¶¶ 165–69. However, Simpay has failed to plausibly allege either a breach of that agreement or resultant damages, both essential elements of its underlying breach of contract claim. Because Simpay has not stated a viable breach of contract claim against Toombs, its tortious interference claim against PayCompass fails as a matter of law and must be dismissed.

Simpay alleges that Toombs breached his Employment Agreement by disclosing confidential information and by soliciting Simpay employees, agents, and clients. See ECF No. 27 at ¶¶ 82–87, 92–93. These allegations are legally insufficient to support a claim for breach of contract. With respect to confidential information, Simpay pleads no facts demonstrating that Toombs actually used or disclosed any confidential information. Instead, Simpay relies on conclusory assertions and speculation based solely on Toombs' "access" to Simpay confidential information prior to his departure to PayCompass (which access was apparently permitted by Simpay), and these are the type of allegations which courts in this District routinely reject. *See Brightview Landscapes, LLC v. Iatzko*, No. 25-2013-KSM, 2025 WL 1710054, at *4–5 (E.D. Pa. June 18, 2025). Mere access or opportunity to use confidential information is insufficient to plead

a valid breach. Importantly, the Amended Complaint fails to allege any actual conduct by PayCompass that encouraged or facilitated Toombs to allegedly breach his employment agreement. To the contrary, the Complaint instead asserts conclusory statements, upon information and belief, that PayCompass "directed Toombs" to breach his contract. *See* ECF No. 27 at ¶¶ 166–68. There conclusory allegations, without any supporting facts, must be disregarded by the Court for purposes of deciding a motion to dismiss, and they are insufficient to survive such a motion. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Iqbal*, 129 S.Ct. at 1949) (cleaned up).

Similarly, Simpay's non-solicitation theory fails because Simpay does not allege any resulting damages. Simpay does not identify a single employee, agent, or client it lost as a result of Toombs' alleged conduct. Boilerplate allegations of harm do not satisfy the damages element of a breach of contract claim under Pennsylvania law. *See Brader v. Allegheny Gen. Hosp.*, 64 F.3d 869, 878 (3d Cir. 1995); *Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020). Moreover, Simpay's allegations, while cast as a tortious interference claim against PayCompass, essentially attempts to argue that PayCompass cannot solicit Simpay employees. It is unlawful for companies to agree to a blanket no-hire, no-poach provision as it violates an employees' freedom to search for other positions and to work. *See Pittsburgh Logistics Sys., Inc. v. Beemac Trucking, LLC*, 249 A.3d 918 (Pa. 2021). Thus, even though there is no contract or no-hire provision between Simpay and PayCompass, to the extent Simpay's conclusory allegations suggest that PayCompass cannot solicit Simpay employees, such allegations fail as a matter of law.

Because Simpay has failed to plausibly allege both breach and resultant damages, its breach

of contract claim against Toombs fails. As such, because the tortious interference claim against PayCompass is derivative of that breach of contract claim, it too fails. Even if Simpay had adequately alleged a breach of contract, which it has not, Count VII independently fails because Simpay relies on conclusory statements that PayCompass "directed" or "induced" Toombs to breach his Employment Agreement. See ECF No. 27 at ¶¶ 166–68. These vague allegations are devoid of factual content demonstrating that PayCompass intentionally procured a breach of any specific contractual provision.

Accordingly, Count VII of the Amended Complaint should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiff has failed to state a claim against PayCompass as to Counts IV, V, VI, and VII of the Amended Complaint. Plaintiff has not adequately identified any protectable trade secrets or plausibly alleged misappropriation, cannot recast contractual obligations as tort-based fiduciary claims barred by the gist of the action doctrine, and cannot sustain a tortious interference claim predicated on a legally deficient breach of contract theory and vague, conclusory statements. Accordingly, PayCompass respectfully requests that the Court grant its Motion and dismiss Counts IV, V, VI, and VII of the Amended Complaint with prejudice.

**Respectfully submitted**,

Dated: December 22, 2025

**HOUSTON HARBAUGH, P.C.**

*/s/ Henry M. Sneath*
Henry M. Sneath
sneathhm@hh-law.com
PA I.D. 40559
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
Telephone: (412) 281-5060

**REEVE BASNETT PLLC**
Ashley R. Basnett
ashley@reevebasnett.com
*(admitted pro hac vice)*
P.O. Box 981
Corsicana, Texas 75751
Telephone: (903) 887-0602

***(Counsel for Defendant PayCompass, LLC)***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2025, a true and correct copy of **DEFENDANT PAYCOMPASS LLC'S MOTION TO DISMISS COUNTS IV, V, VI, and VII OF PLAINTIFF'S AMENDED COMPLAINT AND DEFENDANT PAYCOMPASS LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTS IV, V, VI, and VII OF PLAINTIFF'S AMENDED COMPLAINT** were filed and served on counsel of record via the United States District Court for the Eastern District of Pennsylvania's CM/ECF system.

*/s/ Henry M. Sneath*
Henry M. Sneath