**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Case No. 2:25-cv-04907-WB

ALPHA CARD SERVICES LLC
d/b/a SIMPAY, a Pennsylvania Limited Liability Company,

Plaintiff,

v.

TIMOTHY TOOMBS, an individual, and
PAYCOMPASS LLC, an Arizona Limited Liability Company,

Defendants.

______________________________________________/

# STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between Plaintiff Alpha Card Services LLC d/b/a Simpay and Defendants Timothy Toombs and Paycompass LLC (collectively, "Parties"), by and through their respective counsel of record, that, to facilitate the exchange of information and documents that may be subject to confidentiality protections under federal law, state law, or privacy rights, the following Protective Order shall govern discovery and disclosure in this action.

## 1. Definitions

a. **"Proceeding"** means the above-captioned proceeding styled as *Alpha Card Services LLC d/b/a Simpay v. Timothy Toombs and Paycompass LLC*, Case No. 2:25-cv-04907-WB.

b. **"Court"** means the Hon. Wendy Beetlestone and any other judicial officer to whom this Proceeding may be assigned, including Court staff participating in such proceedings.

c. **"Confidential"** means any Documents, Testimony, or Information that a Designating Party believes in good faith is entitled to confidential treatment under applicable law.

d. **"Confidential Materials"** means Documents, Testimony, or Information

designated as "Confidential" pursuant to the provisions of this Order.

e. **" Attorneys' Eyes Only"** means any Documents, Testimony, or Information that a Designating Party believes in good faith would create a substantial risk of serious financial, competitive, or other injury if disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

f. **"Attorneys' Eyes Only Materials"** means any Documents, Testimony, or Information designated as "**Attorneys' Eyes Only**" pursuant to this Order.

g. **"Designating Party"** means any Party or non-Party that designates Documents, Testimony, or Information as Confidential or Attorney's Eyes Only.

h. **"Disclose," "Disclosed," or "Disclosure"** means to reveal, divulge, provide, or make available any Documents, Testimony, or Information.

i. **"Documents"** means all written, recorded, or graphic matter, and all electronically stored information, that is produced, collected, maintained, transmitted, or stored in any medium and produced or exchanged in discovery in this Proceeding, whether in original or copy form. Documents include, without limitation, correspondence, emails, text messages, instant messages, memoranda, notes, reports, contracts, agreements, presentations, spreadsheets, databases, images, audio or video recordings, and any drafts, attachments, metadata, extracts, summaries, or compilations thereof.

j. **"Information"** means the substance, content, or data contained in Documents or Testimony, including facts, analyses, conclusions, opinions, and other data reflected therein, whether or not such Information appears in tangible form.

k. **"Testimony"** means all deposition testimony, declarations, affidavits, or other testimony taken or used in this Proceeding.

**2. Scope of Attorneys' Eyes Only Designations.** The Designating Party may designate as "**Attorneys' Eyes Only**" only those non-public Documents, Testimony, or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury if disclosed to another Party or non-Party, and for which such risk cannot be avoided by less restrictive means.

**3. Preservation of Privileges.** Nothing in this Order shall be construed to alter, waive, limit, or otherwise affect any claim of privilege, immunity, or protection available under applicable law, including the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or protection. The production or disclosure of Documents, Testimony, or Information pursuant to this Order shall not constitute a waiver of any such privilege or protection, and all such privileges and protections are expressly preserved.

**4. Rule 502.** Pursuant to Federal Rule of Evidence 502, the disclosure of any Document, Testimony, or Information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection shall not constitute a waiver of such privilege or protection in this Proceeding or in any other federal or state proceeding.

**5. Manner of Designation.** Materials shall be designated as Confidential or Attorney's Eyes Only by the Designating Party at or before the time such Materials are produced or disclosed.

a. **Documents.** Documents containing Confidential or **Attorneys' Eyes Only** material shall be clearly marked with the legend "CONFIDENTIAL" or "**ATTORNEYS' EYES ONLY** " on each page containing such material in a manner that does not obscure the text.

b. **Deposition Testimony.** Deposition testimony may be designated as Confidential or Attorney's Eyes Only either on the record during the deposition or by written

notice served on all Parties within 30 days after receipt of the final deposition transcript. Pending the expiration of that 30-day period, the entire deposition transcript shall be treated as Attorney's Eyes Only. Upon designation, only those portions identified shall retain protected status.

c. **Other Materials.** Information produced in a form other than Documents, including tangible items or electronic media, shall be designated by affixing the legend "Confidential" or "Attorney's Eyes Only" to the exterior of the container or medium. If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Attorney's Eyes Only" portions.

**6. Inadvertent Failure to Designate.** The inadvertent production by any Party or non-Party in this Proceeding of any Document, Testimony, or Information without a "Confidential" or "Attorney's Eyes Only" designation shall be without prejudice to any claim that such material is properly designated as Confidential or Attorney's Eyes Only, and shall not constitute a waiver of any rights relating to confidentiality. If any Document, Testimony, or Information that is subject to a Confidential or Attorney's Eyes Only designation is inadvertently produced without such designation, the producing Party shall provide written notice of the inadvertent production within 20 days after discovery of the inadvertent production, together with a replacement copy of the material bearing the appropriate designation (the "Inadvertent Production Notice"). Upon receipt of an Inadvertent Production Notice, the receiving Party shall promptly either destroy the inadvertently produced material and all copies thereof or return such material and all copies to counsel for the producing Party, at the producing Party's expense, and shall thereafter retain only the properly designated Confidential or Attorney's Eyes Only version. If the receiving Party elects to destroy the inadvertently produced material, it shall provide written confirmation of such destruction to the producing Party within 10 days of receipt of the Inadvertent

Production Notice. This provision does not apply to or abridge the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. In the event this provision conflicts with any applicable law governing waiver of confidentiality through inadvertent production, such law shall govern.

**7. Clawback Procedure.** If any Party or non-Party produces Documents, Testimony, or Information that the producing Party later determines to be subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, the producing Party may provide written notice to the receiving Party identifying the material and asserting the privilege or protection. Such notice shall be provided promptly after discovery of the inadvertent production. Upon receipt of such notice, the receiving Party shall immediately cease any review, use, or disclosure of the identified material and shall, within a reasonable time, return, sequester, or destroy the material and all copies thereof, including any notes, summaries, or analyses derived from the material. The receiving Party shall not use or disclose the material for any purpose unless and until the claim of privilege or protection is resolved by written agreement of the Parties or by order of the Court. Nothing in this provision shall be construed to prevent the receiving Party from challenging the asserted claim of privilege or protection in accordance with applicable law. Pending resolution of any such challenge, the material shall remain sequestered and shall not be used or disclosed.

**8. Challenges to Confidentiality Designations.** If counsel for a receiving Party objects to the designation of any Documents, Testimony, or Information as Confidential or Attorney's Eyes Only, counsel shall provide written notice to counsel for the Designating Party identifying the specific material challenged and setting forth the specific grounds and supporting reasons for each objection (the "Designation Objections"). Within 30 days after receipt of the

Designation Objections, counsel for the Designating Party shall either agree in writing to withdraw or modify the challenged designation, in whole or in part.

**9. Access to Confidential Materials.** Access to and disclosure of Confidential Materials shall be permitted solely to the following persons or entities, and only to the extent reasonably necessary for purposes of prosecuting, defending, or attempting to resolve this Proceeding.

a. Confidential Materials may be disclosed to the Court and its personnel. Confidential Materials may also be disclosed to counsel of record in this Proceeding, including affiliated attorneys, and to their paralegal, clerical, secretarial, and support staff who are actively involved in this Proceeding and who are not employees of any Party. In addition, Confidential Materials may be disclosed to in-house counsel for the Parties and to the paralegal, clerical, and secretarial staff employed by such in-house counsel. All non-lawyer personnel given access to Confidential Materials shall be advised that such materials are disclosed pursuant to, and subject to, the terms of this Order and may not be disclosed except as permitted herein;

b. Confidential Materials may further be disclosed to officers, directors, partners, members, employees, and agents of any non designating Party whom counsel reasonably deems necessary to assist in the prosecution or defense of this Proceeding, provided that, prior to such disclosure, counsel for the disclosing Party furnishes such person with a copy of this Order, explains that the person is bound by its terms, and obtains that person's executed acknowledgment in the form attached as **Exhibit A**.

c. Confidential Materials may be disclosed to court reporters and videographers retained in connection with depositions, hearings, or other proceedings in this matter. Confidential Materials may also be disclosed to any deposition, trial, or hearing witness

who previously had access to the Confidential Materials or who currently is or was an officer, director, partner, member, employee, or agent of an entity that previously had access to the Confidential Materials, to the extent reasonably necessary for testimony. Confidential Materials may additionally be disclosed to deposition or non-trial hearing witnesses who did not previously have access to such materials, provided that such witnesses are advised that the materials are confidential and subject to this Order and may not be disclosed or used for any purpose outside this Proceeding;

d. Confidential Materials may be disclosed to mock jury participants, provided that, prior to disclosure, counsel for the disclosing Party provides such participants with a copy of this Order, explains that they are bound by its terms, and obtains executed acknowledgments in the form attached as **Exhibit A**;

e. Confidential Materials may also be disclosed to experts or expert consultants retained or consulted by the Parties or their counsel in connection with this Proceeding, whether or not such experts are expected to testify, provided that, prior to disclosure, counsel furnishes such expert or consultant with a copy of this Order, explains its terms, and obtains a signed acknowledgment in the form attached as **Exhibit A**;

f. Confidential Materials may be disclosed to any other person or entity only upon the prior written agreement of the Designating Party, and that person or entity's executed acknowledgments in the form attached as **Exhibit A**;

g. Counsel shall promptly notify counsel for the Designating Party upon learning of any breach or threatened breach of this Order by any person or entity.

**10. Access to Attorney's Eyes Only Materials.** Access to and disclosure of Attorney's Eyes Only Materials shall be strictly limited and permitted only to the following persons or entities,

and only to the extent reasonably necessary for purposes of prosecuting, defending, or attempting to resolve this Proceeding.

a. Attorney's Eyes Only Materials may be disclosed to counsel of record in this Proceeding, together with their partners, associates, and staff and supporting personnel, including paralegal assistants, clerical, secretarial, stenographic employees, contractors, and copying services, who are working on this Proceeding under the direction of such counsel and for whom access to the Attorney's Eyes Only Materials is necessary. For the avoidance of doubt, this category does not include in-house counsel for any Party or the paralegal, clerical, or secretarial staff employed by such in-house counsel. All personnel to whom Attorney's Eyes Only Materials are disclosed shall, prior to such disclosure, be advised of and become subject to the terms of this Order;

b. Attorney's Eyes Only Materials may also be disclosed to experts or expert consultants retained or consulted by the Parties or their counsel in connection with this Proceeding, whether or not such experts are expected to testify, provided that, prior to any disclosure, counsel for the disclosing Party furnishes such expert or consultant with a copy of this Order, explains its terms, and obtains a signed acknowledgment in the form attached as **Exhibit A**;

c. Attorney's Eyes Only Materials may further be disclosed to any person who authored, received, reviewed, or was otherwise familiar with the Attorney's Eyes Only Materials or the Attorney's Eyes Only Information contained therein prior to this Proceeding, but solely to the extent of that person's prior familiarity with such information;

d. Attorney's Eyes Only Materials may be disclosed to court reporters and videographers retained in connection with depositions, hearings, or other proceedings in this matter; and

e. Attorney's Eyes Only Materials may be disclosed to the Court and its personnel;

f. No other disclosure of Attorney's Eyes Only Materials shall be permitted absent the prior written agreement of the Designating Party or an order of the Court;

g. Counsel shall promptly notify counsel for the Designating Party upon learning of any breach or threatened breach of this Order by any person or entity.

**11. Use Limitation.** Confidential Materials and Attorney's Eyes Only Materials shall be used by any person or entity receiving such materials solely for purposes of preparing for, conducting, participating in, prosecuting, defending, or attempting to resolve this Proceeding, including any appeals. Such materials shall not be used for any business, commercial, competitive, personal, or other purpose whatsoever.

**12. Modification or Relief.** Any Party to this Proceeding, or any other person subject to this Order, may seek modification of or relief from any provision of this Order by application to the Court, upon appropriate notice to all other Parties. Nothing in this Order limits the Court's authority to modify or grant relief from its terms in the interest of justice.

**13. No Admission; Reservation of Rights.** Entering into, agreeing to, or complying with this Order shall not operate as an admission by any person that any Document, Testimony, or Information designated as Confidential or Attorney's Eyes Only contains trade secrets, proprietary information, confidential information, or competitively sensitive business, commercial, financial, or personal information. Nothing in this Order shall prejudice or otherwise affect the right of any Party, or any other person subject to this Order, to seek a determination by the Court as to whether any particular Document, Testimony, or Information is entitled to protection under this Order, or to seek relief from the Court, upon appropriate notice to all Parties, from any provision of this

Order, either generally or as applied to any specific material.

**14. Joinder by Additional Parties.** Any Party to this Proceeding that has not executed this Order at the time it is presented to the Court for entry may thereafter become bound by this Order by having its counsel sign and date a copy of the Order, file the executed copy with the Court, and serve it on all other Parties. Upon such filing and service, the joining Party shall be fully bound by the terms of this Order to the same extent as the original signatories.

**15. Non-Party Designations.** Any Documents, Testimony, or Information produced by a non-Party in discovery in this Proceeding, whether pursuant to subpoena or otherwise, may be designated by such non-Party as Confidential or Attorney's Eyes Only in accordance with the terms of this Order. Any designation made by a non-Party shall have the same force and effect, and shall impose the same duties and obligations, as a designation made by a Party. By designating any material as Confidential or Attorney's Eyes Only under this Order, a producing non-Party consents to the jurisdiction of the Court for purposes of enforcing this Order and for resolving any motion, application, or dispute concerning such designation or any other matter arising under this Order.

**16. Subpoenas or Other Compulsory Process.** If any person subject to this Order who has custody or control of Confidential Materials or Attorney's Eyes Only Materials receives a subpoena, court order, or other compulsory process demanding production of such materials, that person shall promptly notify counsel for the Designating Party in writing, including by electronic mail, and shall provide a copy of the subpoena or process. Upon receipt of such notice, the Designating Party may, in its sole discretion and at its own expense, move to quash or limit the subpoena or otherwise oppose production, and/or seek confidential treatment of the Confidential Materials or Attorney's Eyes Only Materials from the issuing authority to the fullest extent

permitted by law. The recipient of the subpoena or other compulsory process shall not produce any Confidential Materials or Attorney's Eyes Only Materials unless and until required to do so by the issuing tribunal, and in no event prior to the date specified for production.

**17. Additional Protection.** Nothing in this Order shall be construed to preclude any Party from asserting, in good faith, that particular Confidential Materials or Attorney's Eyes Only Materials require protection beyond that afforded by this Order. In such event, the Parties shall meet and confer in good faith to attempt to agree upon appropriate additional protective measures. If the Parties are unable to reach agreement, the requesting Party may seek appropriate relief from the Court.

**18. Unauthorized Disclosure.** If, after execution of this Order, any Confidential Materials or Attorney's Eyes Only Materials produced by a Designating Party are disclosed by a non-designating Party to any person or entity other than as authorized by this Order, the non-designating Party responsible for the disclosure shall promptly notify the Designating Party in writing and shall provide all pertinent facts relating to the unauthorized disclosure.

**19. Waiver by Designating Party.** This Order is entered without prejudice to the right of any Party to knowingly waive the applicability of this Order with respect to any Confidential Materials or Attorney's Eyes Only Materials that the Party has designated. If a Designating Party affirmatively discloses or uses its own Confidential Materials or Attorney's Eyes Only Materials in a non-confidential manner, the Designating Party shall promptly notify the other Parties that the designation no longer applies to such materials.

**20. Survival.** The parties shall be bound by the provisions of this Order after the conclusion of this Proceeding and any subsequent proceedings arising from this Proceeding. A Party may seek the written consent of the Designating Party for relief from the provisions of this

Order. The Court shall not retain jurisdiction following the conclusion of this litigation.

**21. Return or Destruction of Materials Upon Termination.** Upon written request made within 30 days after the settlement or other termination of this Proceeding, each receiving Party shall, within 30 days of such request, do one of the following: (a) return to counsel for each Designating Party all Confidential Materials and Attorney's Eyes Only Materials, including all copies thereof, except that counsel for each Party may retain attorney work product and one copy of each pleading filed with the Court and one copy of each deposition transcript with its exhibits, provided that any retained materials are maintained in accordance with this Order; (b) agree in writing with counsel for the Designating Party upon appropriate methods for the destruction or other disposition of such Confidential Materials and Attorney's Eyes Only Materials, including reasonable certification of such destruction or disposition; or (c) with respect to any Documents, Testimony, or other Information not addressed by subparagraphs (a) or (b), file a motion seeking a Court order governing the proper preservation or disposition of such materials.

**22. Court Authority.** The Court may order disclosure of any matter covered by this Order or modify this Order at any time in the interest of justice.

**23. Submission and Interim Binding Effect.** After this Order has been executed by counsel for all Parties, it shall be presented to the Court for entry. The Parties agree that, pending entry by the Court, they shall be bound by the terms of this Order with respect to any Confidential Materials or Attorney's Eyes Only Materials produced or disclosed prior to the Court's entry of the Order.

**24.** The Parties and all persons who execute the Certification attached as **Exhibit A** agree to be bound by this Order pending its approval and entry by the Court. If the Court modifies this Order or enters a different order governing confidentiality, the Parties agree to remain bound

by this Order unless and until the Court enters such modified or superseding order. The Parties' intent is to permit the immediate production of Confidential Materials and Attorney's Eyes Only Materials under the terms of this Order pending Court entry.

This Order may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same Order.

Dated: February 26, 2026

By: *<u>/s/ Jordan Michael Krassner</u>*
Counsel for Plaintiff Alpha Card Services LLC d/b/a Simpay

Dated: February 26, 2026

By: *<u>/s/ Christopher S. D'Angelo</u>*
Counsel for Defendant Timothy Toombs

Dated: February 26, 2026

By: *<u>/s/ Henry M. Sneath</u>*
Counsel for Defendant PayCompass LLC

**<u>ORDER</u>**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: 3/2/2026

S/ WENDY BEETLESTONE

THE HONORABLE WENDY BEETLESTONE, J.

**EXHIBIT A**

**CERTIFICATION OF COMPLIANCE WITH STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I, ________________________________[NAME], __________________________________________ [POSITION AND EMPLOYER] am about to receive Confidential Materials and/or Attorney's Eyes Only Materials supplied in connection with this Proceeding, Case No. __________________. I certify that I understand that the Confidential Materials and Attorney's Eyes Only Materials are provided to me subject to the terms and restrictions of the Court's Order governing confidentiality in this Proceeding. I have been provided a copy of the Order, have read it, understand its terms, and agree to be bound by all provisions of the Order.

I understand that the Confidential Materials and Attorney's Eyes Only Materials, as defined in the Order, including any notes, summaries, analyses, or other records created from or reflecting such materials, may not be disclosed to any person or entity except as expressly permitted by the Order or by further order of the Court. I further agree that I will not copy, use, or disclose any Confidential Materials or Attorney's Eyes Only Materials except solely for purposes of prosecuting, defending, or otherwise participating in this Proceeding.

I further understand that I must maintain all Confidential Materials and Attorney's Eyes Only Materials in a secure manner and that all copies of such materials shall remain in my custody until the termination of my participation in this Proceeding, at which time I shall return or destroy all such materials in accordance with the Order and as directed by counsel who provided them to me.

I declare under penalty of perjury, under the laws of the State of Pennsylvania, that the foregoing is true and correct. Executed this _____ day of ______, 20__, at __________________.

DATED:_________________________ BY: ________________________________

Signature

________________________________

Title

________________________________

Address

________________________________

City, State, Zip

________________________________

Telephone Number